UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DONNA WOLF and
JAMES WOLF,

    Plaintiffs,

vs

DEUTCHE BANK NATIONAL
TRUST COMPANY, et al.,

    Defendants.

Case No. 1:16-cv-359

Barrett, J.
Bowman, M.J.

**REPORT AND RECOMMENDATION**

On March 7, 2016, Plaintiffs James Wolf and Donna Wolf submitted a complaint for filing in this case as well as "affidavits of fee waivers." (*See* Docs. 1, 2). However, Plaintiffs have not paid the $400.00 filing fee or properly requested leave to proceed *in forma pauperis* so that they may file this action. As such, on August 15, 2015, the undersigned issued a Deficiency Order because Plaintiffs' motion did not include a completed *in forma pauperis* application. (Doc. 2). Plaintiffs were ordered to submit a completed IFP application or pay the full filing fee of $400 within thirty (30) days. (Doc. 2). Plaintiffs were also advised that his failure to comply with the Order "will result in the dismissal of the action for want of prosecution." (*Id.*).

In response to the Deficiency Order, Plaintiff Donna Wolf filed an IFP application with the Court on April 15, 2016. (Doc. 4). Notably, Ms. Wolf indicates that she is employed. Yet, when asked how much do you earn per month, she responded "Nothing because the Federal Reserve notes are [illegible] as basically worthless securities." (Doc. 4 at 2). Plaintiff also listed several alleged creditors, but indicates that she owes nothing on the accounts. Shee also states that "I give Federal Reserve notes which are

worthless to pay these alleged creditors." (Doc. 4 at 3).   Such information, however, does not comply with the Court's Deficiency Order.   Notably, the application does not contain any financial information and is not properly completed as ordered by the Court.

Under rule 41(b) of the Federal Rules of Civil Procedure, a court may dismiss any case for "failure of the plaintiff to prosecute or comply with the rules or order of the court ..." Fed.R.Civ.P. 41(b).   Here, Plaintiffs have not paid the filing fee, nor have they submitted a properly completed affidavit to proceed *in forma pauperis.* Plaintiffs' failure to prosecute this matter and to obey an Order of the Court warrants dismissal of this case pursuant to Fed.R.Civ.P. 41(b).  *See Jourdan v. Jabe,* 951 F.2d 108, 109–10 (6th Cir.1991).

Accordingly, it is therefore **RECOMMENDED** that this matter be **DISMISSED** for failure to obey a Court Order.

 *s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO**

**WESTERN DIVISION**

| | |
|---|---|
| DONNA WOLF and<br>JAMES WOLF, | Case No. 1:16-cv-359 |
| Plaintiffs, | Barrett, J.<br>Bowman, M.J. |
| vs | |
| DEUTCHE BANK NATIONAL<br>TRUST COMPANY, et al., | |
| Defendants. | |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).